```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
                                     :
ISBRANDTSEN MARINE SERVICES          :
                                     :
v.                                   :   CIV. NO. 3:93CV362 (AWT)
                                     :
MIGUEL RODRIGUEZ and                 :
RAINBOW SHIPPING AND TRADING,        :
INC.                                 :
                                     :
                                     :
```

## RULING ON PLAINTIFF'S MOTION TO REVIEW VALIDITY OF CONFESSION OF JUDGMENT

### Background

On December 12, 1995, Isbrandtsen Marine Services and Miguel Rodriguez filed a stipulation and order of judgment, memorializing their settlement of this case. Judgment entered and the case was closed. This Court retained jurisdiction over the case to enforce the judgment and to oversee any post-judgment discovery. [Doc. #31].

In October 2004, plaintiff filed a motion to compel, seeking a schedule of personal assets of defendant Rodriguez and copies of his tax returns for the previous two (2) years. Plaintiff moved for this discovery pursuant to the parties' stipulation and order of judgment. [Doc. #32]. A hearing was held on November 9, 2004, at which defendant Miguel Rodriguez appeared _pro se_. After affording him an opportunity to be heard, the court denied the motion to compel without prejudice to refiling after the parties had an opportunity to discuss the discovery request. [Doc. #35].

Plaintiff renewed the motion to compel on April 18, 2005 [doc. #36]. After it was granted, Mr. Rodriguez sought an extension of time to May 31, 2005, to respond to the motion to

compel. [Doc. #38].  On June 30, 2005, after no opposition was filed, plaintiff filed a motion for contempt for defendant's failure to provide the requested discovery. [Doc. #40].  On July 14, 2005, defendant filed a pro se motion to review the validity of confession of judgment. [Doc. #44].  After a telephone conference on August 16, 2005, in light of the pending contempt motion, the Court contacted a Federal Public Defender, Attorney Sarah Russell, to speak with Mr. Rodriguez.  A follow-up telephone conference was held on August 30, 2005.  Plaintiff's counsel represented that, with the aid of Attorney Russell, Mr. Rodriguez provided the requested financial information sought in plaintiff's motion to compel. Plaintiff's counsel, Edward Lerner, informed the Court that he would be filing a Motion to Withdraw from the case that week.[1] At the conclusion of the conference, plaintiff withdrew the pending motion for contempt in light of defendant's document production.

There is no question that the parties' settlement agreement contemplated that plaintiff could conduct post-judgment discovery to determine Mr. Rodriguez's ability to satisfy the judgment.

Validity of the Judgment

Now, nearly ten (10) years after the settlement agreement and the entry of judgment, defendant Rodriguez moves the Court to declare the judgment invalid as "constitutionally offensive." [Doc. #44 at 4].

---

[1]Attorney Lerner stated that if he were to remain in the case it was likely he would request a deposition of Rodriguez and perhaps Rodriguez's daughter.

Rodriguez first argues that the debt that is the subject of the litigation was satisfied by the "first freight revenue earned by the vessel . . . in accordance with the joint venture agreement." Id. at 2.  He contends that he "considered the note paid, but then problems arose and the plaintiff retained the notes and later sued for recovery . . . ."  Id. at 2-3.[2]

Rodriguez next argues that the court must determine whether he "voluntarily, intelligently and knowingly waived his rights . . ."  He states,

> The Defendant had lost a great deal of money, lost his business operation, leaving him in a state of insolvency, as result of the failure of the joint venture.  Defendant Rodriguez lacked funds to engage competent counsel, and was suffering from intensive depression and lacked the skill to defend himself properly. The persistent harassment by the Plaintiff at all times of day and night was a compelling motive for the Defendant's decision to agree to a confession of judg[]ment.  Defendant Rodriguez did not possess at that time the mental and emotional stability to properly judge his action.

Last, Rodriguez states that the judgment is unconstitutional, arguing,

> As to the nature of the cognovit clause, this judg[]ment and the order filed, reduces the Defendant to the status of an indenture servant, adhered to an order without end. It eliminates the possibility of the Defendant to avail himself of federal statutes, such as

---

[2] Rodriguez states that he presented this argument in his answer to the complaint and before Judge Thompson, "who surprisingly, concluded that the first revenue under the joint venture was not . . . the revenue from the first shipping contract, since the first contract was frustrated due to a legal impediment placed on the barge." [Doc. #44 at 2].

3

> the Statute of Limitation; for the financial
> condition of the Defendant and the prospects,
> expect[ing] a windfall, make it impossible to
> satisfy the judgement.  Thusly, the
> judg[]ment and the order deprives the
> Defendant of this constitutional rights.

Id. at 3-4.

Although plaintiff fails to cite any legal support for his claims, it is undisputed that he moves for relief well beyond the time limitations for overturning a judgment permitted under Federal Rules of Civil Procedure 59(e) and 60(b)(1),(2) and (3). See Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); Fed. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.").

Under Fed. R. Civ. P. 60(b) a party may also seek relief from judgment, "within a reasonable time," if, "(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment, upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment."

Plaintiff first contends that, at the time this case was settled, his emotional and mental instability prevented him from properly defending the action.  He has offered no evidence of his mental condition to warrant reopening the settlement agreement.

Plaintiff next argues that the debt was satisfied by the

first freight revenue earned by the vessel.  "In a Rule 60(b) motion for relief from a judgment on any ground other than a claim that the judgment is void, the moving party must, as a precondition to relief, show that he or she has a meritorious claim or defense."  12 James Wm. Moore, Moore's Federal Practice §60.44[5][b] (3rd. Ed. 2003). However, defendant admits that Judge Thompson "concluded that the first revenue under the joint venture was not . . . the revenue from the first shipping contract, since the first contract was frustrated due to a legal impediment placed on the barge." [Doc. #44 at 2]. "[M]ere conclusory statements that a claim or defense is meritorious will not suffice."  12 Moore's Federal Practice § 60.24[2] ("the moving party must make allegations that, <u>if established at trial</u>, would constitute a valid claim or defense."). Defendant offers no evidence and no meaningful argument to warrant relief from judgment under Rule 60(b).

Finally, plaintiff contends that he should be relieved of the judgment because it is unconstitutionally void.  He contends that the judgment reduces him to the "status of an indentur[ed] servant . . . [and] make[s] it impossible to satisfy the judgment."  Neither party has provided the Court with any information regarding efforts to collect the judgment to date. There is no evidence before the Court regarding the amount of the judgment, the amount paid by defendant, and any attachment or liens to defendant's income and/or property.  Indeed, the Court has no information regarding defendant's financial situation or

satisfaction of the debt to support his claim that the judgment is unconstitutionally void.

More importantly, defendant offered no reason why he did not seek relief from judgment at an earlier time. Defendant brings his defense to the action nearly ten (10) years after the case was settled and nearly twelve (12) years after the action was filed. The Court finds no grounds to consider relief from judgment under Fed. R. Civ. P. 60(b) on this record.

Accordingly, plaintiff's Motion to the Court to Review Validity of Confession of Judgment **[Doc. #44]** is **DENIED**.

ENTERED at Bridgeport this <u>29th</u> day of September 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE